UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHRISTIE REED, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DYNAMIC PET PRODUCTS and FRICK'S MEAT PRODUCTS, INC.,<br><br>Defendants. | Case No.: 15cv987-WQH (DHB)<br><br>**ORDER DENYING PLAINTIFFS' REQUEST FOR EARLY DISCOVERY CONFERENCE**<br><br>**[ECF No. 38]** |

On February 3, 2016, Plaintiffs filed an *ex parte* request for early discovery conference. (ECF No. 38.) Defendants Dynamic Pet Products and Frick's Meat Products, Inc. filed an opposition on February 12, 2016. (ECF No. 41.) For the reasons set forth below, Plaintiffs' request is **DENIED**.

## I. BACKGROUND

### A. Pleadings

Plaintiff Khristie Reed commenced this consumer protection class action on behalf of herself and others similarly situated by filing a Class Action Complaint ("Complaint") on May 1, 2015. (ECF No. 1.) This initial Complaint contained allegations pertaining to Defendants' manufacture, marketing, and sale of a product called the "Dynamic Pet

Products Real Ham Bone For Dogs," an 8" hickory-smoked pork femur marketed as an appropriate and safe chew toy for dogs. (ECF No. 1 at ¶ 1.) Plaintiff Reed also alleged that the Real Ham Bone For Dogs is not, in fact, safe for its intended purpose because, when chewed, it is prone to splintering into shards which can slice through dogs' digestive systems, resulting in "[t]housands of dogs hav[ing] suffered a terrible array of illnesses including stomach, intestinal and rectal bleeding, vomiting, diarrhea, constipation and seizures, and hav[ing] died gruesome, bloody deaths." (*Id.* at ¶ 2.) Plaintiff Reed also alleged that Defendants have known since at least 2006 that the Real Ham Bone For Dogs is not safe or appropriate and that thousands of consumers have complained directly to Defendants about the injuries their pets suffered after chewing the Real Ham Bone For Dogs.[1] (*Id.* at ¶ 3.) Plaintiff Reed also alleged that in 2010, the Missouri Better Business Bureau alerted Defendants about the numerous complaints it had received, and the Food and Drug Administration issued a notice that bones such as the Real Ham Bone For Dogs are not suitable for dogs. (*Id.* at ¶¶ 3-4.) Plaintiff Reed further alleged that despite knowing of the dangerous nature of their product, Defendants continued to represent on the product label, Dynamic's website, and other marketing materials that the Real Ham Bone For Dogs is "safe for your pet" and "meant to be chewed." (*Id.* at ¶ 5.)

The initial Complaint sought to certify the following class: "All persons who purchased one or more Real Ham Bone For Dogs other than for purpose of resale." (*Id.* at ¶ 26.) The initial Complaint asserted the following claims for relief: (1) violation of the California Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.*; (2) violation of California Business and Professions Code § 17200, *et seq.* ("UCL"); (3) breach of implied warranty; (4) fraud; and (5) negligent misrepresentation. (ECF No. 1 at ¶¶ 36-82.) The initial Complaint requested general damages, punitive damages,

---

[1] The initial Complaint quoted eight alleged online consumer complaints made to Dynamic since 2006 regarding the dangerous nature of the Real Ham Bone For Dogs. (ECF No. 1 at ¶ 16.)

restitution, disgorgement, declaratory and injunctive relief, corrective advertising, attorneys' fees, and costs. (*Id.* at 21:24-22:8.)

Defendants filed a motion to dismiss the initial Complaint on June 16, 2015. (ECF No. 8.) Defendants moved to each of the claims contained in the Complaint. Defendants also moved to dismiss Plaintiff Reed's declaratory and injunctive relief requests on the ground that she lacks standing to request declaratory and injunctive relief.

On July 30, 2015, the Honorable William Q. Hayes granted Defendants' motion to dismiss without prejudice as to (1) Plaintiff's requests for restitution and disgorgement pursuant to the CLRA; (2) Plaintiff's CLRA, UCL, and implied warranty claims to the extent Plaintiff Reed brings them on behalf of non-California residents; (3) Plaintiff's implied warranty claim; and (4) Plaintiff's requests for injunctive and declaratory relief. (ECF No. 18 at 21:1-11.) Judge Hayes denied Defendants' motion to dismiss in all other respects, and granted Plaintiff leave to file a motion for leave to amend the Complaint. (*Id.* at 21:12-17.)

On September 28, 2015, Plaintiff Reed filed a motion for leave to file a First Amended Complaint. (ECF No. 22.) Plaintiff Reed attached a proposed First Amended Class Action Complaint ("FAC") (ECF No. 22-2) which she argued addresses three of the four claims that Judge Hayes dismissed without prejudice. First, the FAC includes allegations regarding Plaintiff's compliance with the CLRA's notification requirements. Second, the FAC limited the California statutory claims to California purchasers, but also named additional plaintiffs from six additional states (Paul Benesch (Louisiana); Rebecca Brandel (Florida); Rod and Diane Canutt (Oregon); Rene Lucht (Washington); Diane Ortman (Illinois); and Kris Vosburgh (New York)), each alleging violation of their respective consumer protection statutes on behalf of purchasers of the Real Ham Bone For Dogs in those states. Third, the FAC adds allegations to correct the pleading deficiency regarding the breach of implied warranty claim. Finally, the FAC "does not include requests for injunctive or declaratory relief, which the Court dismissed without prejudice for lack of Article III standing. Plaintiff will instead pursue injunctive relief in a separate

state court action." (ECF No. 22-1 at 2:12-3:2.)

On January 5, 2016, over Defendants' opposition (*see* ECF Nos. 23, 29), Judge Hayes granted Plaintiff's motion for leave to file a First Amended Complaint. Plaintiffs Reed, Benesh, Brandel, Diane Canutt, Rod Canutt, Lucht, Ortman, and Vosburgh filed the FAC on January 15, 2016. (ECF No. 33.)

On January 14, 2016, the parties filed a joint motion to permit Plaintiffs to file an amended complaint to include a named plaintiff and cause of action for the state of Minnesota. (ECF No. 32.) Judge Hayes granted the joint motion on January 19, 2016. (ECF No. 34.)

On January 21, 2016, the parties filed a joint motion to permit Plaintiffs to file an amended complaint to include a named plaintiff and cause of action for the state of North Carolina. (ECF No. 35.) Judge Hayes granted the joint motion on January 25, 2016. (ECF No. 36.)

On January 26, 2016, Plaintiffs filed the operative Second Amended Class Action Complaint ("SAC"). (ECF No. 37.) In addition to those Plaintiffs and states named in the FAC, the SAC adds Plaintiffs Crystal Lewis (North Carolina) and Debra Porwoll (Minnesota). The SAC contains allegations regarding the dangerous nature of the Real Ham Bone For Dogs that are substantially similar to those contained in the initial Complaint and summarized above.

**B.     Plaintiffs' Request for Early Discovery Conference**

On February 3, 2016, Plaintiffs filed an *ex parte* request for early discovery conference. (ECF No. 38.) Relying on Local Civil Rule 16.1(c)(1)[2], Plaintiffs contend

---

[2]     Local Civil Rule 16.1(c)(1) provides, in part:

> At any time after the filing of a complaint and before an answer has been filed, counsel for any party may make a request in writing to the judicial officer assigned to supervise discovery in the case to hold an early neutral evaluation conference, discovery conference or status/case management conference. Copies of the request must be sent to counsel for the parties and the parties

4

that an early discovery conference is appropriate in this case for three reasons. First, Plaintiffs contend that "Defendants continue to sell the product with false and deceptive representations that it is safe for dogs to chew and, as a result, pets are being injured and dying." (*Id.* at 7:5-7.) Second, Plaintiffs contend that "other than a few new states that have been added and some other readily curable issues, this case has largely survived defendants' motion to dismiss. The fraud, negligent misrepresentation, UCL and CLRA causes of action are proceeding." (*Id.* at 7:8-11.) Third, "a discovery conference should be held so the federal and state actions can be coordinated, ensuring these causes are efficiently litigated." (*Id.* at 7:12-13.)

Defendants filed an opposition to Plaintiffs' request on February 12, 2016. (ECF No. 41.) Defendants respond to Plaintiffs' arguments by contending, first, that "the operative complaint is far from settled. Defendants just filed a motion to dismiss that could significantly impact the claims and as a result, the scope of discovery." (*Id.* at 1:23-25.) Second, Defendants contend that an early discovery conference will not help facilitate coordination with the state court action because that action is "is duplicative of this case, [and] the state lawsuit has been stayed in its entirety. Thus, there is no ongoing discovery in that case, and there is no need to coordinate discovery between the two lawsuits." (*Id.* at 1:26-2:2.) Third, Defendants contend that Plaintiffs' claim that Defendants continue to make false and deceptive misrepresentations about the Real Ham Bone For Dogs resulting in dogs continuing to be injured "are just unproven allegations in Plaintiff's complaint, which Defendants obviously deny," and "Defendants actually get very few customer complaints regarding injuries related to the pet bone at issue, belying Plaintiffs' claims of a safety issue." (*Id.* at 2:3-9.)

---

whose addresses are known to the requesting counsel. Upon receiving such request, the judicial officer will examine the circumstances of the case and the reasons for the request and determine whether any such conference would assist in the reduction of expense and delay the case. The judicial officer will hold such conferences as he or she deems appropriate.

**C.     Defendants' Motion to Dismiss the SAC**

On February 9, 2016, Defendants filed a motion to dismiss the Second Amended Complaint. The motion sets forth several arguments:

> First, Plaintiff Reed's Breach of Implied Warranty claim is barred because Plaintiff Reed lacks privity with defendants. Second, Plaintiff Benesch's claim under Louisiana's consumer protection statute must be dismissed because the statute expressly prohibits class action claims. Third, the plaintiffs waived all claims related to the risk of splintering by the bone product at issue. Fourth, the plaintiffs cannot base their claims on unspecified alleged misrepresentations on websites or other marking which the plaintiffs never saw. Fifth, Plaintiff Brandel cannot assert a claim for property damage under the Florida consumer protection statute. Sixth, plaintiff Rodney Canutt's claims must be dismissed because of his admission of not reading the label or purchasing the bone product. Finally, the Second Amended Complaint fails to identify which remedies are sough under each separate cause of action.

(*Id.* at 1:25-2:7.) Defendants' motion to dismiss is set for hearing before Judge Hayes on March 14, 2016.

## II. ANALYSIS

In accordance with Rule 26(d), discovery generally does not commence until parties to an action meet and confer as prescribed by Rule 26(f), unless allowed by court order or agreement of the parties. FED. R. CIV. P. 26(f). A court may permit early discovery if the requesting party demonstrates good cause. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* In determining whether good cause justifies expedited discovery, courts commonly consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery factors; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet., Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009); *see also Apple, Inc.*

15cv987-WQH (DHB)

*v. Samsung Elecs. Co., Ltd.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011).

The Court has considered the factors identified above and find they weigh against Plaintiffs' request for an early discovery conference. First, no motion for preliminary injunction is pending, thus weighing against early discovery. Further, although there is a pending state court action for injunctive relief, that action is stayed.

Second, although Plaintiffs request that the Court conduct a discovery conference, Plaintiffs make no attempt to explain the purpose of the conference or the scope of discovery they desire to initiate. Without any limits on the matters to be addressed at the discovery conference or the scope of early discovery there is a real risk that Defendants would be forced to engage in time-consuming and costly discovery efforts that may not be necessary or efficient given the matters raised in the pending motion to dismiss. Contrary to Plaintiffs' assertion, the pleadings are not settled, and the scope of this action could change significantly depending on the outcome of Defendants' motion to dismiss. Moreover, even if Plaintiffs attempted to narrow the scope of the early discovery to those matters not subject to Defendants' motion to dismiss, the Court would view such a limitation as likely unworkable in practice. Indeed, the Court is concerned that allowing some discovery now will likely lead to duplicative efforts and potential discovery disputes between the parties regarding whether certain discovery is or is not impacted by the motion to dismiss. *See Amylin Pharma., Inc. v. Eli Lilly & Co.*, No 11-CV-1061 JLS (NLS), 2011 U.S. Dist. LEXIS 97725, at *6-7 (S.D. Cal. Aug. 31, 2011) (rejecting plaintiff's argument for early discovery into certain claims not subject to defendant's motion to dismiss). The Court concludes that requiring the parties to engage in discovery months before the pleadings are settled will likely result in duplicative efforts by Defendants and witnesses.

Third, the Court is not persuaded by Plaintiffs' claim that further delay will allow Defendants to continue misrepresenting the safety of their product which, in turn, will result in more dog injuries and deaths. As Defendants emphasize in their opposition, at this stage of the case these are unproven allegations. Moreover, Plaintiffs are not seeking injunctive relief in this case. As such, while in theory there exists the potential that a high

damages award could compel Defendants to alter their advertising or even cease manufacturing and selling the Real Ham Bone For Dogs, success in this case is not guaranteed to change Defendants' practices. Thus, moving forward with discovery in this case will not ensure prevention of future dog injuries and deaths.

### III.  CONCLUSION

For the reasons set forth above, Plaintiffs' *ex parte* request for early discovery conference (ECF No. 38) is **DENIED**.

IT IS SO ORDERED.

Dated: February 26, 2016

DAVID H. BARTICK
United States Magistrate Judge